UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAWN SKINNER, et al.,

        Plaintiffs,                      Case No. 1:23-cv-10495

v.                                           Honorable Thomas L. Ludington
                                            United States District Judge

THE PEPLINSKI GROUP, INC.,

        Defendant.

_____/

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSING CASE**

On February 28, 2023, Plaintiff Dawn Skinner filed a putative Fair Labor Standards Act (FLSA) collective action against Defendant The Peplinski Group, Inc. ECF No. 1. In addition to Plaintiff Skinner, forty care providers that Defendant employed opted in as Plaintiffs of the collective under 29 U.S.C. § 216(b). *See id.*; *see also* ECF Nos. 5; 21. Plaintiffs allege that Defendant did not fully compensate them for overtime worked, violating the FLSA. *Id*. Specifically, Plaintiffs allege that Defendant automatically deducted a thirty-minute meal period from Plaintiffs' time-worked—depriving them of overtime hours—even though Defendant expected Plaintiffs to perform compensable work during their meal period. *Id.*

In August 2024, the Parties filed a notice indicating that they reached an agreement, resolving Plaintiffs' claims. ECF No. 30. On October 4, 2024, the Parties filed a joint motion for an order approving their proposed settlement agreement, followed by a copy of the executed settlement agreement.[1] ECF Nos. 33; 34.

---

[1] Many courts within the Sixth Circuit have recently held that proposed FLSA settlements do not require court approval and that court approval constitutes an improper advisory opinion. *See, e.g.*,

Courts scrutinize proposed FLSA settlements to "determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). To determine whether a proposed settlement is fair and reasonable, the court considers five factors:

> (1) The plaintiff's range of possible recovery;
> (2) The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
> (3) The seriousness of the litigation risks faced by the parties;
> (4) Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
> (5) The possibility of fraud or collusion.

*Williams v. Alimar Sec., Inc.,* No. 13-cv-12732, 2016 WL 6405798, at *3 (E.D. Mich. Oct. 31, 2016) (quoting *Wolinsky v. Scholastic, Inc., 900* F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley Ob-Gyn Clinic, P.C.,* No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

Beginning with the first factor, Plaintiffs' range of possible recovery favors approval. Although the Complaint does not identify a specific recovery amount, *see generally* ECF No. 1,

---

*Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 713 (S.D. Ohio 2024) *(*holding court approval is not required under the FLSA's text, Sixth Circuit precedent, or Supreme Court precedent and conflicts with Civil Rule 41, so courts "lack the authority to approve or reject FLSA settlements"); *Nall v. Jordan*, No. 3:20-CV-561-RGJ, 2024 WL 4217986, at *1 (W.D. Ky. Sept. 17, 2024); *Barrios v. Kamps, Inc*., No. 1:23-CV-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024); . Nonetheless, the Sixth Circuit "has never definitively" resolved this issue, and district courts within the Sixth Circuit have found "that the FLSA context counsels in favor of courts approving settlements." *Athan v. United States Steel Corp*., 523 F. Supp. 3d 960, 964 (E.D. Mich. 2021). And this Court has followed the approach that favors court approval of FLSA settlements. *See, e.g.*, *id.*; *Darling v. Dow Chem. Co*., No. 1:22-CV-13093, 2023 WL 8480059 (E.D. Mich. Dec. 7, 2023); *Nader v. Springs Window Fashions, LLC*, No. 1:22-CV-12067, 2023 WL 2472617, at *1 (E.D. Mich. Feb. 6, 2023); *Mata v. STA Mgmt., LLC*, No. 19-11662, 2022 WL 8089058, at *2 (E.D. Mich. Oct. 14, 2022). Consistent with the general practice in the Eastern District of Michigan, this Court will review the proposed settlement here.

the proposed settlement agreement indicates that the collective—the forty opt-ins and Plaintiff Skinner—will receive a gross settlement amount of $89,500.00. ECF No. 33-1 at PageID.269. This figure is fair, reasonable, and provides Plaintiffs with a guaranteed monetary recovery within the range of their possible recovery. Indeed, after deducting $35,800 for attorneys' fees, $5,000 for Plaintiff Skinner's named-plaintiff service award, and $1,170.30 for litigation costs, the net settlement amount is $47,529.70. *See* ECF Nos. 33 at PageID.258; 33-1 at PageID.269–70, 276–77. This net amount represents approximately 88% of Plaintiffs' best-day-at-trial damages claim of $53,794.23 that the Parties calculated using Plaintiffs' timekeeping records, far exceeding average FLSA recovery ranges. *See* ECF No. 33 at PageID.257; *see also Pearson v. Top Flight Ent., LTD.*, No. 21-CV-10258, 2021 WL 5756777, at *2 (E.D. Mich. Sept. 14, 2021) (noting average recoveries range from 7% to 33% of claimed damages).

   Shifting to the second and third factors, the settlement avoids serious risks and expenses that the Parties would undoubtedly incur throughout continued litigation. As for litigation risks from the Parties' disputed issues that they avoid with a settlement, a jury could reach varying conclusions about whether Plaintiffs' meal periods were compensable, how many meal periods were compensable, and if so, whether Plaintiffs applicable limitations period is two or three years or whether they can recover liquidated damages under 29 U.S.C. § 216(b). *See* ECF No. 33 at PageID.256–59. Given those litigation risks, continued litigation would be expensive, risky, and time-consuming—without a settlement, the issues would need to be resolved with dispositive motions or trial. *See Fabi v. Carter-Jones Companies, Inc.,* No. 21-11727, 2022 WL 3010887, at *2 (E.D. Mich. July 29, 2022) (approving FLSA settlement because "the litigation is likely to be . . . expensive, and lengthy," because the case "has already been in litigation for a year," and because the "case ha[d] not yet proceeded past summary judgment").

Turning to the final two factors, the settlement is the result of good-faith, arm's-length negotiations, and not fraud or collusion. As explained, the settlement provides for a payoff percentage exceeding those that courts routinely find are reasonable and fair in FLSA settlements, suggesting non-collusive negotiations. Plaintiff Skinner's named-plaintiff service award of $5,000 is also reasonable, further reflecting the Parties' good-faith, arms-length negotiations. *See Weckesser v. Knight Enters. S.E., LLC*, 402 F. Supp. 3d 302, 307 (D.S.C. 2019) (finding $40,000 in service awards representing approximately 6% of the gross settlement reasonable); *see also Sandoval-Osegura v. Harvey Pallets Mgmt. Grp.*, LLC, No. 4:19-CV-00096-AGF, 2021 WL 2337614, at *1 (E.D. Mo. June 8, 2021) (finding two named plaintiffs' $5,000 service awards reasonable when gross settlement was $140,000). Moreover, the settlement does not include a confidentiality clause that could clash with the FLSA's transparency objectives. *Cf. Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Nor does the settlement release claims beyond Plaintiffs' wage-and-hour claims. *See O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 19-cv-2378, 2020 WL 7634780, at *4, 11 (W.D. Tenn. Aug. 4, 2020) (finding scope of release in FLSA case appropriate where the released claims "share a factual predicate with" the plaintiffs' allegations). And nothing else in the agreement—or how it was negotiated and executed—suggests any fraud or collusion. *See generally* ECF No. 33-1.

Further, because this case featured over a year and a half of negotiations, discovery, and litigation before the Parties agreed to settle for a gross settlement amount of $89,500.00, the attorneys' fees award of $35,800 is reasonable. *See Shaffer v. Bridgeway Servs., LLC,* 2:20-cv-01361-JHE, 2022 WL 479411, at *3 (N.D. Ala. Feb. 16, 2022) (approving fees of $36,000 in FLSA settlement where gross settlement amount was $90,000); *Castro v. Early Learning Language Academies, LLC,* 2021 WL 915106, at *1 (D. Md. Mar. 9, 2021) (approving fees and costs of

$36,000 in FLSA settlement where gross settlement amount was $90,000); *De Lopez v. Ozark Mountain Poultry, Inc.*, No. 5:13-CV-05272, 2015 WL 5679762, at *5 (W.D. Ark. Sept. 25, 2015) (approving fees of $50,898 in FLSA settlement where gross settlement amount was $90,000); *Chavez v. Excel Servs. Southeast, Inc.*, No. 13-cv-03299-CMA-BNB, 2015 WL 4512276, at *5 (D. Colo. July 27, 2015) (approving fees of $62,000 in FLSA settlement where net settlement amount was $90,000); *Hernandez v. Choi,* No. TDC-13-3567, 2014 WL 6388333, at *6 (D. Md. Nov. 13, 2014) (awarding $90,000 in attorneys' fees where two plaintiffs each recovered over $30,000 in overtime wages and liquidated damages as part of settlement).

In sum, the Parties' proposed settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA claims. As a result, the Parties' Joint Motion for Order Approving Settlement Agreement, ECF No. 33, will be granted, and the Parties' fully executed settlement agreement, ECF No. 34, will be approved.

Accordingly, it is **ORDERED** that the Parties' Joint Motion for Order Approving Settlement Agreement, ECF No. 33, is **GRANTED.**

Further, it is **ORDERED** that the Parties' Settlement Agreement, ECF No. 34, is **APPROVED.**

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: April 30, 2025                                   s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge